## J. QUINCY BLAKE vs. WILLIAM EVERETT & others.

Proof of an adverse and uninterrupted use of a way for twenty years, with the knowledge and acquiescence of the owner of the land, is sufficient to establish an incumbrance upon land, without proof of an express claim of the right by the persons using the way, or of an express admission of the right by the owner of the land.

No exception lies to the refusal of a judge to order a specification of the incumbrances relied upon, in an action upon the covenants in a deed.

A declaration setting forth a deed containing a covenant against incumbrances, in the usual form, and averring the existence of rights of way over the land described, is sufficient upon general demurrer, without an accurate description of the location of the ways.

The owner of-four undivided fifth parts of land may maintain an action upon a covenant against incumbrances, by proving the existence of a right of way over a portion of the land.

The user of a right of way may be proved by parol.

Declarations of a former owner of land, made during his ownership, and tending to prove the existence of a right of way over it, are competent evidence against the present owner; but declarations of such former owner, tending to disprove the existence of the right of way, are incompetent evidence in favor of the present owner.

Under a specification filed by order of court showing the incumbrances relied upon by the plaintiff, and stating that a right of way was held by several persons who are named, among whom is "one Hastings," evidence may be introduced by the plaintiff of a right of way held by Justus P. Hastings; but evidence is incompetent to prove in defence that several of the persons named, whose user is no longer relied upon by the plaintiff as proof of an incumbrance, had used the way by license and not under a claim of right.

A witness who has testified to the use of a way across a piece of land cannot be contradicted by proof that there was a nearer route over a public road which he might have used.

Evidence of conveyances by prior owners of land, with covenants against incumbrances, has no tendency to disprove the existence of a present right of way over the same.

CONTRACT on the covenants against incumbrances in a deed. The plaintiff, under an order of the superior court, filed a specification setting forth that the incumbrance relied upon by him was a right of way which was held by several persons who were named, including one Hastings, whose Christian name was unknown. The defendants moved for a more specific statement, but the court refused to order it. The defendant then filed a demurrer and an answer to the declaration, and the demurrer was overruled. At the trial the plaintiff introduced in evidence a deed of four undivided fifth parts of a farm, which included the premises described in the declaration. The defendants contended that, under this deed, the action could not be

sustained; but *Rockwell,* J., overruled the objection. The plain-
tiff then introduced evidence, under objection, of declarations
of Eliab Lane, a former owner of the premises, m 1 le during
his ownership, and tending to prove the existence of a right of
way over the same. The plaintiff then inquired of the witness
if he had seen certain other persons using this way. This evi-
dence was objected to, but admitted. The same witness then
testified that Eliab Lane, during his ownership, ploughed up the
whole of the lot across which the way was said to exist, and
planted it with corn, and that in the fall the witness harrowed a
way across it; that the next year Lane sowed the whole lot
with rye, and seeded it down to grass; that for several years
afterwards he mowed it; that no one went through the corn or
oats or grass while growing; and that this was, as he thought,
more than twenty years ago.

The plaintiff inquired of one witness how long he had known
a way across the lot described. This evidence was objected to,
but admitted.

The plaintiff called one Justus P. Hastings, one of the per-
sons named in the specification, and asked him if he had used
said way. The defendants objected to proof of any use by him,
because he was not referred to except as " one Hastings "; but
the evidence was admitted.

The defendants offered in evidence the deeds of the previous
owners of the premises from 1640 down to Eliab Lane, cove-
nanting that the same were free from incumbrances; but the
evidence was rejected.

One Sterns, a witness for the plaintiff, testified that he had
used the way, in hauling wood from his lot to his house. In
reply to this, the defendants offered to prove that there was
a public way leading from Sterns's lot to his house, which was
much nearer than by the way testified to by him; but the evi-
dence was rejected.

The defendants offered to prove certain declarations of Eliab
Lane, made during his ownership, and tending to negative the
existence of the way claimed; but the evidence was rejected.

The defendants then offered to prove that several of the per

sons named in the plaintiff's specification, whose user of the way the plaintiff no longer relied upon as tending to prove an incumbrance, had used the way by license, and not under any claim of right; but the evidence was rejected.

Upon the evidence, the court instructed the jury as follows : " A right of way is an incumbrance. In this case the burden of proof is upon the plaintiff to satisfy you of the existence of the incumbrance at the time he brought his action. The plaintiff must prove not merely that the way was enjoyed twenty years, but also that the enjoyment was continuous, uninterrupted, adverse, under a claim of right, and with the knowledge and acquiescence of the owners of the land over which the alleged way passes. If the plaintiff satisfies you that the use continued twenty years continuously and uninterruptedly with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, you are authorized to find that the use was adverse under a claim of right, although there may be no evidence of a claim of right in words. If the evidence of the use, and of the manner and circumstances of the use, satisfies you that it was during all that time of twenty years continuous, uninterrupted, with the knowledge and acquiescence of the owner of the land over which the way was used, the evidence is competent to enable you to find that the use was adverse under a claim of right, although there is no evidence that either the person using the way declared the use was adverse in words, or claimed a right to use it in words, or that the owner of the land ever admitted in words that he knew of such adverse use and claim of right. Ploughing and planting are an interruption, unless removed by the persons using the way as soon as they had occasion to use it thereafter."

A verdict was returned for the plaintiff, and the defendants alleged exceptions.

*W. P. Webster*, for the defendants.

*T. H. Sweetser & E. Ripley*, for the plaintiff.

CHAPMAN, J. The declaration sets forth a deed, a copy of which is annexed, containing a warranty against incumbrances, and alleges as a breach of the covenant the existence of cer-

tain rights of way over the land conveyed. A specification of incumbrances was ordered on motion of the defendants, and a further specification was asked for, and refused by the judge. This refusal is excepted to; but no exception lies to the ruling, because it is a matter within his discretion. A demurrer was then filed to the declaration, alleging that it set forth no legal cause of action. But the breach of a covenant is a legal cause of action; and as no defects of form are pointed out, the declaration is sufficient, because it sets forth a covenant and a breach.

At the trial the defendants objected that the action could not be maintained, because the deed conveyed to the plaintiff only four undivided fifth parts of the land. To sustain this objection, it would be necessary to hold that the way was no incumbrance to the plaintiff's four undivided fifth parts of the land. The judge properly overruled it.

The defendants objected to a question which was put to a witness, " how long he had known a way across the lot described." If the question had related to the legal title, it would have been objectionable; but the answer relates merely to the fact of user, and shows that the question merely referred to that. The objection was properly overruled. A great number of exceptions are taken to the rulings of the judge as to the admission of evidence, some of which are quite frivolous; and all the rulings are so manifestly conformable to long settled principles of elementary law that they need not be discussed.

The evidence as to the cultivation of the land was properly left to the jury, in connection with the other facts proved in the case. So was the evidence as to the use of the road in winter. The jury were rightly instructed that there need not be a claim of right to the way in words, or an admission by the owner of the land in words that he knew of the adverse use and claim of right; but that twenty years of adverse user, continuously and uninterruptedly, with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, would be sufficient proof of the incumbrance *Barnes* v. *Haynes,* 13 Gray, 188. *Exceptions overruled.*